UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN ROUSE,<br>    Petitioner,<br><br>V.<br><br>ELIZABETH DELBALSO, et al.,<br>    Respondents. | **CIVIL ACTION NO.**<br>2:16-cv-06451-NIQA |

<u>**PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Devin Rouse has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After two juries were unable to reach a unanimous verdict, Mr. Rouse was convicted of second-degree murder (commonly referred to as "felony murder") and related charges after his third trial in Philadelphia County Court of Common Pleas. But his conviction was the result of numerous violations of his constitutional rights, as he received ineffective assistance of counsel, the Commonwealth failed to timely disclose exculpatory evidence, and his life-without-parole was imposed in violation of his Due Process rights.

On October 31, 2018, the United States Magistrate Judge filed a 47-page Report and Recommendation that concludes that he is not entitled to relief and that his petition should be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), Local Civil Rule 72.1(IV)(b), and Fed.R. Gov. § 2254 Cas. 8(b), Mr. Rouse objects

to the Magistrate Judge's Report and Recommendation ("R&R") in the following specific respects. He requests *de novo* consideration. *See Coolspring Stone Supply v. American States Life Ins. Co.*, 10 F.3d 144, 147 (3d Cir. 1993); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.), *cert. denied*, 484 U.S. 837 (1987).

### Findings and Conclusions to Which Petitioner Objects

I. **The R&R upheld the trial court's ruling, which placed an unconstitutional diligence requirement on Petitioner's *Brady* claim. Furthermore, the R&R erroneously determined that Petitioner was aware of the Commonwealth's payment to its primary witness.**

The prosecution presented Tyron Rouse as a key witness against Petitioner. *See* R&R p. 22, 27-28. After the first trial, at the request of Tyron Rouse, the prosecution provided $4,000 to Tyron Rouse to relocate based on the witness's fears of retaliation for his cooperation with the prosecution. N.T. 12/9/04, p. 223-24; R&R p. 40. That information was disclosed to Petitioner's counsel during the third trial. The judge presiding over Petitioner's third and final trial concluded that no violation of Brady v. Maryland, 373 U.S. 83 (1963), occurred notwithstanding the delayed disclosure because there can be no such violation where the defense "could have uncovered the evidence at issue with reasonable diligence." Trial Ct. Op.,

filed Apr. 29, 2005, p. 15 (*quoting* Commonwealth v. Johnson, 863 A.2d 423, 426 (Pa. 2004)).

Notwithstanding the clear language of the trial court's ruling, the R&R concludes that "the state court's ruling did not impose a diligence requirement based on the facts of the case." R&R p. 26. But the state court did impose a diligence standard. And in *Dennis v. Secretary, Pennsylvania Department of Corrections*, the Third Circuit made clear that "the duty to disclose under *Brady* is absolute – it does not depend on defense counsel's actions. . . . *Brady*'s mandate and its progeny are entirely focused on prosecutorial disclosure, not defense counsel's diligence." 834 F.3d 263, 290 (3d Cir. 2016). As a result, the R&R draws an incorrect legal conclusion regarding *Brady* and the trial court's application of that case's mandate to disclose exculpatory evidence.

The R&R also makes a factual error in this regard. All parties agree that, during the first trial, counsel for both parties were taken to sidebar with the trial court to discuss Tyron Rouse's safety. At that sidebar the prosecution stated that a member of the District Attorney's Office was "in charge of protecting witnesses, and he is already on it[.]" N.T. 12/13/14 p. 19-23. That alone does not mean that that Petitioner or his counsel were aware that Tyron Rouse would be relocated. And even if it did, the record does not disclose any point at

which Petitioner or his counsel was made aware that $4,000 was given to Tyron Rouse for relocation. This factual determination is critical because it is one thing for the prosecution to provide a home for a witness to reside in for a period of time, and it is entirely another thing to hand a witness $4,000 in cash with a wink-and-a-nod that the funds should be used only for housing. Petitioner and his counsel had a right to present that distinction. But without timely disclosure, that was impossible. In addition, the R&R glosses over the fact that there was a second trial during which this payment was not disclosed and that jury could not reach a verdict. A $4,000 payment for testimony may well have swayed that jury in favor of Petitioner and an acquittal.

For these reasons, Petitioner objections to the R&R's legal conclusion that the trial court did not impose an unconstitutional diligence requirement on Petitioner, and Petitioner objects to the factual conclusion that he was aware of the payment at issue and that it was timely disclosed.

II. **Trial Counsel was ineffective for failing to present a Due Process argument in support of Petitioner's third-party guilt claim.**

Prior to trial, Petitioner's counsel litigated a motion to sever and made clear his intention that he would make a third-party guilt claim that Tyron Rouse was the perpetrator, not Petitioner. But trial counsel did not base his pre-trial motion

and subsequent strategy on Petitioner's Due Process rights to present a defense of third-party guilt. During Petitioner's initial collateral attack on his convictions under the Post Conviction Relief Act (hereinafter "PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*, in state court, he was awarded a new trial based on this allegation of ineffective assistance of counsel. But on appeal, the Pennsylvania Superior Court reversed that ruling and reinstated the judgements of sentence. See Commonwealth v. Rouse, 3020 EDA 2014 (Pa. Super. Jan. 12, 2016) (memorandum).

In reviewing this claim, the R&R in part misconstrued Petitioner's argument. And in part the R&R failed to consider the positions posited by Petitioner. In both respects, Petitioner objects to the R&R.

The R&R failed to consider Petitioner's claim that, on appeal from the granting of collateral relief, the Pennsylvania Superior Court applied the wrong scope of standard of review. *See generally Lafferty v. Cook*, 949 F.2d 1546, 1552 n.4 (10th Cir. 1991) ("Only **after** concluding that a state court used the proper standard does a habeas court turn to the presumption of correctness.") (emphasis in original).

On appeal from a PCRA court, the "standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Jones*, 876 A.2d 380, 384 (Pa. 2005). The "scope of review is limited by

the parameters of the PCRA," *Commonwealth v. Williams*, 909 A.2d 383, 385 (Pa. Super. 2006), which mandates that this Court limit its review "to the findings of the PCRA court and the evidence on the record [before] the PCRA court[], viewed in the light most favorable to the prevailing party." *Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008) (quoting *Commonwealth v. Duffey*, 889 A.2d 56, 61 (Pa. 2005)) (citations omitted in original).

In the instant matter, the Superior Court cited the correct standard, but failed to view the PCRA court's findings and the evidence in the light most favorable to the prevailing party – namely, the Petitioner. Instead, the Superior Court restated the conclusions in the light most favorable to the Commonwealth. Because the Superior Court did not defer to the PCRA court's findings of fact, the Magistrate Judge should have deferred to the PCRA court's findings. *Pickney v. Keane*, 920 F.2d 1090, 1092 (2d Cr. 1990). Petitioner raised this issue before the Magistrate Judge but the R&R did not consider the issue. For this reason, Petitioner objects to the report.

In addition, Petitioner objects to the R&R's conclusion, agreeing with the Pennsylvania Superior Court's conclusion, that Petitioner was not prejudiced by his trial counsel's error because the evidence presented against Petitioner was overwhelming. *See* R&R. pp. 28-30. The Superior Court, in its

opinion reversing the PCRA court's order, cited to numerous pieces of evidence. The Court noted that Petitioner's DNA was found on a hat in a vehicle near the scene of the crime. But none of the eye witnesses claimed that the assailant was wearing a hat at the time of the crime. An eyewitness to the shooting, Michal Birkelback, identified Petitioner as the assailant and testified that it was not Tyron Rouse. But that witness knew Petitioner previous to the incident and still failed to identify him in a post-incident identification procedure. N.T. 12/14/04 pp. 57-59, 69-70. Instead, after the crime, the eye witness identified another man. And though two other witnesses eventually identified Petitioner as the assailant, those positive identifications only came after the witnesses each failed to identify Petitioner in photo arrays. N.T. 12/8/04 pp. 134-38, N.T. 12/13/04 pp. 1032-03, N.T. 12/15/04 pp. 112-25.

Finally, the Superior Court and the R&R rely on the fact that Petitioner was not cooperative with police and tried to hide from the police. Though certainly caselaw exists to support such a contention, the fact that a person is not eager to engage with the police is just as strong an indicator that the person's consciousness of guilt as it is an indicator that the person does not want to get shot.

Petitioner objects to the characterization that the evidence – after two hung juries – is somehow substantial enough

to show that Petitioner could not be prejudiced by his counsel's failure to adequately litigate his third-party guilty defense.

   III.      **Petitioner did not concede his claims were procedurally defaulted. Indeed, he did exhaust his state-court remedies.**

The R&R concludes that Petitioner conceded that many of his claims were not adjudicated on the merits in state court and thus were procedurally defaulted. R&R p. 31. Petitioner objects to this characterization.

On or about December 14, 2016, while a state court proceeding was still underway[1], Petitioner filed a Petition entitled Stay & Abey [sic] Petitioner's 2254 Petition or Adjudicate It On The Merits. Therein, he stated that some of his claims were not exhausted on state review. But Petitioner then filed the necessary actions in state court in order to give the state courts a full and fair opportunity to review the claims. The state courts denied relief on all grounds, and subsequently Petitioner filed his habeas petition which included the now-exhausted claims.

Consequently, Petitioner objects to the conclusion that his claims were procedurally defaulted.

---

[1] Petitioner was in the process of appealing a second collateral attack on his convictions. *See Commonwealth v. Rouse*, 653 EDA 2017 (Pa. Super. filed June 8, 2018) (memorandum).

IV. **Petitioner's claims fell within the narrow exception to default outlined by Martinez v. Ryan**.

In the R&R, the Magistrate Judge found that certain claims were procedurally defaulted, notwithstanding Petitioner's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012). *See* R&R pp. 31-34. Petitioner objects to the R&R's conclusions that any of Petioner's claims are procedurally defaulted.

In *Martinez*, the Supreme Court held as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 566 U.S. at 17 (footnote omitted).

Soon thereafter, the Third Circuit held that the *Martinez*

> exception is available to a petitioner who can show that: 1) his procedurally defaulted ineffective assistance of trial counsel claim has "some merit"; and that 2) his state-post conviction counsel was "ineffective under the standards of *Strickland v. Washington*."

*Workman v. Superintendent Albion SCI*, 903 F.3d 368, 375 (3d Cir 2018)

Petitioner raised several allegations of ineffective assistance of counsel in the PCRA collateral proceedings on his

case. The R&R held that several of those cases were procedurally defaulted. More specifically, the R&R states that "these claims do not fall into the category of claims carved out by *Martinez*, *i.e.*, claims that would evade all review unless the federal court excused the procedural default." R&R pp. 33-34.

The legal standard that the R&R ascribes to *Martinez* is incorrect, and Petitioner objects accordingly. More specifically, the R&R states that the *Martinez* exception applies only to "claims that would evade all review unless the federal court excused the procedural default." That is not what the Supreme Court or the Third Circuit held. And the R&R's incorrect version of the standard fundamentally handicaps Petitioner's claims, as the claims include ineffective assistance of counsel at an initial-stage collateral review where the attorney on collateral review failed to raise meritorious issues of ineffective assistance of trial and direct-appeal counsel.

V. **Petitioner was prejudiced by his collateral-review counsels' deficient performance.**

Petitioner objects to the R&R's conclusion that his claims of ineffective assistance of counsel cannot survive the prejudice component of the ineffective assistance of counsel test, as set forth in the R&R at pages 37-38. In Section II, *supra*, Petitioner set forth his objection to the characterization of the evidence against him as substantial or

overwhelming. Here again, the R&R characterizes the evidence against him – which resulted in two hung juries – as "significant". It was not, and Petitioner was prejudiced.

VI. **Martinez v. Ryan should be read to create a remedy for default on claims of newly-discovered evidence and violations of Brady v. Maryland**.

Petitioner acknowledges that Martinez hasn't been extended beyond claims of ineffective assistance of trial counsel claims defaulted due to initial-review collateral proceeding counsel's performance. But as Justice Scalia stated in his dissent:

> There is not a dime's worth of difference in principle between those cases and many other cases in which initial state habeas will be the first opportunity for a particular claim to be raised: claims of "newly discovered" prosecutorial misconduct, for example, see *Brady v. Maryland,*[] claims based on "newly discovered" exculpatory evidence or "newly discovered" impeachment of prosecutorial witnesses, and claims asserting ineffective assistance of appellate counsel. The Court's soothing assertion, *ante,* at 1320, that its holding "addresses only the constitutional claims presented in this case," insults the reader's intelligence.

Martinez, 566 U.S. at 19 (Scalia, J. dissenting).

The late Justice is correct. And this case presents the exact the situation that Justice Scalia called for. Petitioner objects to the R&R's conclusion that *Martinez* does not extend to newly-discovered evidence and *Brady* claims, *see* R&R p. 39, and

asks this Court to hold that the exception extends to such claims.

VII. **Petitioner was prejudiced by his counsel's inability to fully and adequately cross examine Tyron Rouse with his prior diagnosis. And Petitioner adequately proved his actual innocence in support of his newly-discovered evidence claim.**

The Magistrate Judge in its R&R concluded that Petitioner cannot establish that his trial counsel's inability to adequately impeach Tyron Rouse with Tyron's diagnosis with schizophrenia. R&R pp. 40-41. For the reasons stated in Section II, *supra*, Petitioner objects to the R&R's conclusion that the evidence presented at trial was such that prejudice cannot be shown.

In addition, the Magistrate Judge in its R&R concluded that, though Petitioner has presented an affidavit reflecting his actual innocence in support of his newly-discovered evidence claim, still Petitioner has not made the requisite showing that the outcome of the proceedings would have been different. R&R p. 43. Petitioner objections to that conclusion.

VIII. **Trial counsel was ineffective for failing to investigate Tyron Rouse's prison records and PCRA counsel was ineffective for failing to pursue the claim.**

Petitioner asserted that his trial counsel was ineffective for failing to investigate Tyron Rouse's prison records prior to trial. *See* R&R pp. 45-46. Had Petitioner's trial counsel

conducted this reasonable investigation, he would have uncovered Tyron Rouse's schizophrenia diagnosis prior to trial and would have been able to use that diagnosis to impeach Tyron Rouse.

During the initial PCRA proceedings – the initial-review collateral proceeding – Petitioner's counsel did not raise this issue. The Magistrate Judge in its R&R held that "this claim is defaulted and Martinez does not apply to excuse the default." R&R p. 46. Petitioner objects to that legal conclusion, as the claim is a heartland Martinez claim and the issue should have been reviewed on its merits.

The Magistrate Judge in its R&R also holds that, considering the remainder of the evidence presented by the prosecution, Petitioner "has failed to establish that this additional cross-examination would have changed the outcome of the trial[.]" *Id.* Petitioner objects to this conclusion. As stated numerous times above, the evidence presented was not of a quantity or quality that relevant impeachment evidence of the prosecution's prime witness would not have impacted the outcome. Indeed, this impeachment evidence would likely have been enough to sway any one of the three juries that heard this case toward an acquittal.

IX. **Petitioner's sentence was imposed in violation of his Due Process and Equal Protection rights.**

Petitioner raised three challenges alleging that his sentence violated his federally-protected constitutional rights. First, Petitioner's Due Process rights were violated at sentencing, as he received life without parole, and thereby failed to impose a minimum term of incarceration, as required under the Pennsylvania Sentencing Code. *See* 42 Pa.C.S.A. § 9746(a) – (b) (setting forth requirement that any term of incarceration imposed include a maximum term and a minimum at which the prisoner becomes eligible for parole). Second, Petitioner alleged that his Equal Protection Rights were violated by the sentencing court's failure to impose a minimum term of confinement at which point Petitioner would have been eligible for parole. And finally, Petitioner challenged the statute for sentencing on a second-degree murder charge, *see* 182 Pa.C.S.A. 1102(b), was unconstitutional in that it was overly vague.

In its R&R, the Magistrate Judge concluded that Petitioner failed to adequately present these claims to the state courts and thus, they are defaulted. R&R p. 45. Petitioner objects to those conclusions. However, these claims are not defaulted, as they again were cast as ineffective assistance of counsel at the PCRA proceedings. As such, they are not defaulted per the rule set forth in <u>Martinez</u> and the Magistrate Court should have reviewed the merits of the claims.

X.  **A Certificate of Appealability should be issued**

Petitioner objects to the Magistrate Judge's Recommendation insofar as it recommends, without explanation, that this Court deny petitioner a certificate of appealability if relief is not otherwise granted. Even if this Court were to adopt the recommendation of dismissal, it should grant a Certificate of Appealability. The habeas corpus petition, amendments and supporting memorandums allege several substantial constitutional violations, and reasonable jurists could at the very least differ with the analysis and conclusion of the R&R that Petitioner has raised substantial issues that his convictions arose from violations of his federal constitutional rights, as well as the R&R's conclusion that these issues can be determined without even allowing a hearing at which petitioner can make a record. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The report itself repeatedly acknowledges that Petitioner raised valid points.

The question as to whether to issue a Certificate of Appealability is only whether the issue is debatable, not even whether there is a reasonable chance that it will prevail. *See Id.* at 478. The Supreme Court has elucidated the meaning of "debatable" in this context, holding that a "claim can be debatable even though every jurist of reason might agree, after

the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Petitioner is therefore entitled at the very least to the issuance of a certificate of appealability on all the issues presented in his habeas corpus petition.

## **CONCLUSION**

These objections should be sustained. The case should be remanded to the Magistrate Judge with instructions to conduct an evidentiary hearing and to thereafter review the merits of Petitioner's claims. Should this Court nevertheless adopt the recommendation and dismiss the petition, it should at least grant a certificate of appealability.

Respectfully submitted,

By: */s/ Richard Fuschino, Jr.*
Richard Fuschino, Jr.
Attorney for Petitioner
1600 Locust Street
Philadelphia, PA 19103-6305
Phone: 215-568-1442

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing objections to be served upon the following persons:

>Douglas M. Weck, Jr., Esq.
>Assistant District Attorney
>District Attorney's Office
>3 South Penn Square
>Philadelphia, PA 19107
>**Via ECF**
>
>Hon. Elizabeth T. Hey
>United States Magistrate Judge
>3038 U.S. Courthouse
>601 Market Street
>Philadelphia, PA 19106
>**Via ECF**

Date: 3/15/2019

>Respectfully submitted,
>
>By: */s/ Richard Fuschino, Jr.*
>Richard Fuschino, Jr.
>Attorney for Petitioner
>1600 Locust Street
>Philadelphia, PA 19103-6305
>Phone: 215-515-8600