IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN ROUSE** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 16-6451** |
| **v.** | : | |
| | : | |
| **THERESA DELBASO,** *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 15th day of March 2021, upon consideration of the *pro se* petition for writ of *habeas corpus* (and amendments thereto) filed by Petitioner Devin Rouse pursuant to 28 U.S.C. § 2254, [ECF 1, 3, 8, 18, 19, 51, 52, 61], Respondents' responses to the petition, [ECF 48, 56, 66], the state court record, the *Report and Recommendation* (the "R&R") issued by the Honorable Elizabeth T. Hey, United States Magistrate Judge (the "Magistrate Judge"), which recommends that the Petition be denied, [ECF 71], Petitioner's objections to the R&R, [ECF 81, 83, 85, 93, 95, 107], Respondents' response to Petitioner's objections, [ECF 90], and Petitioner's sur-reply, [ECF 91], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] A jury convicted Petitioner of second degree murder, robbery, carrying a firearm without a license, and possession of an instrument of crime. Thereafter, Petitioner was sentenced to life without parole on the murder conviction, and to a concurrent sentence of 30 to 108 months' imprisonment on the other lesser offenses. As detailed in the R&R, the appellate procedural history of Petitioner's case is complex. Suffice it to say, Petitioner completed one complete round of direct review and a subsequent round of post-conviction review of his conviction and sentence on March 21, 2017. This underlying petition for writ of *habeas corpus* was filed timely pursuant to 28 U.S.C. § 2254. Under the federal *habeas* statute, review is limited in nature and may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

In his *habeas* petition, which consists of his original petition and multiple permitted amendments thereto, Petitioner asserted nineteen (19) claims, a number of which were later withdrawn. The Magistrate Judge issued a well-reasoned forty-eight page R&R, in which each of Petitioner's remaining claims was addressed and rejected. Specifically, the Magistrate Judge found that the state courts' resolution of Petitioner's exhausted claims (1) was neither "contrary to, [n]or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," and (2) was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Magistrate Judge also found that numerous of Petitioner's claims were procedurally defaulted and that Petitioner had failed to make the requisite showing of cause and prejudice or actual innocence in order to overcome the procedural defaults. With respect to the defaulted claims, the Magistrate Judge found (as did the Superior Court of Pennsylvania) that Petitioner had not, and could not, show "prejudice" because the overwhelming evidence at trial precluded a showing of a reasonable probability that the outcome of Petitioner's criminal proceeding would have likely been different.

In his objections to the R&R (both counseled and *pro se* objections), Petitioner merely repeats and rehashes arguments made in his petition and original filings. As such, Petitioner's objections are nothing more than an attempt to relitigate arguments raised in his original filings. This Court finds that the Magistrate Judge ***correctly*** concluded that the Pennsylvania Superior Court's decision rejecting Petitioner's underlying challenges was not contrary to United States Supreme Court precedent nor was it based on an unreasonable determination of facts and that Petitioner has failed to show either cause and prejudice or actual innocence in order to overcome the procedural default of his unexhausted claims.

Notwithstanding the rehash of Petitioner's previously-rejected arguments, this Court will briefly address the objections. Petitioner first objects to the Magistrate Judge's conclusion that the Commonwealth did not violate *Brady v. Maryland*, 373 U.S. 83 (1963), with respect to the disclosure of the cost of relocation services provided to one of the witnesses against Petitioner. Specifically, Petitioner contends that both the state court and the Magistrate Judge effectively imposed a diligence requirement not mandated by *Brady* or its progeny. As set forth in the R&R, Petitioner's argument is misplaced. Petitioner had three trials before being convicted; the first two ending in mistrials. At the third trial, the cost of the relocation services was disclosed to Petitioner's trial counsel, though the relocation efforts were known at the first trial. During the third trial, Defense counsel cross-examined the witness concerning those services. As such, there could be no *Brady* violation because there was no surprise or prejudice. *See Strickler v. Green*, 527 U.S. 263, 281-82 (1999) (requiring, *inter alia*, prejudice for a *Brady* violation).

Petitioner also objects to the Magistrate Judge's rejection of several of his claims on the basis that Petitioner failed to show the prejudice required to sustain either a claim for ineffective assistance of counsel or to overcome procedural default. As correctly outlined in the R&R, the prejudice requirement for both ineffective assistance of counsel and to overcome procedural default requires a petitioner to show a reasonable probability that *but for* the alleged constitutional error the outcome of the proceeding would likely have been different. *See, e.g.*, *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 382 (3d Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)); *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (requiring that alleged errors work to petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."). This Court agrees with both the Magistrate Judge and the state court that the overwhelming evidence of Petitioner's guilt precludes such a showing. As such, all of Petitioner's claims for ineffective assistance of counsel are without merit and Petitioner cannot overcome the procedural default of his unexhausted claims. This conclusion equally forecloses any arguments under the limited exception provided by *Martinez v. Ryan*, 566 U.S. 1 (2012).

    3.      Petitioner's petition for a writ of *habeas corpus* is **DENIED**; and

    4.      No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

                                    **BY THE COURT:**

                                  /s/ *Nitza I. Quiñones Alejandro*
                                  **NITZA I. QUIÑONES ALEJANDRO**
                                  *Judge, United States District Court*

---

    Petitioner next objects to the Magistrate Judge's conclusion with respect to his claim that trial counsel was ineffective for failing to present a due process argument in support of Petitioner's third-party guilt claim. In his objections, Petitioner contends that the Magistrate Judge misconstrued his argument underlying this claim. Petitioner purports to clarify his argument by contending that the Superior Court applied the wrong standard of review when it reviewed the PCRA court's initial grant of collateral relief. Such a claim, *i.e.*, one challenging a state court's application of state law standard of review, is not cognizable on *habeas* review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 63 (1991). Regardless, the Superior Court appeared to apply the correct state law standard of review when it reviewed the PCRA court's decision on Petitioner's ineffective assistance of counsel claim. Further, both the Superior Court and Magistrate Judge's findings with respect to the lack of prejudice are sound.

    For the reasons stated herein and in the R&R, Petitioner's objections are overruled and the R&R is adopted and approved in its entirety.

[2]    A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has also not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.